**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 20-151-DLB**

**JEROME WOODS**                                                                              **PETITIONER**

**v.**                           **MEMORANDUM OPINION AND ORDER**

**J. ALLEN BEARD, Warden,**                                                          **RESPONDENT**

**\*\*\* \*\*\* \*\*\* \*\*\***

Federal inmate Jerome Woods has filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 asserting claims related to the COVID-19 pandemic. (Doc. # 1).  This matter is before the Court to conduct the initial screening of the Petition pursuant to 28 U.S.C. § 2243.  *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).  The Court evaluates Woods's Petition under a more lenient standard because he is not represented by an attorney.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief" (citations and internal quotation marks omitted)).

**I.**

As an initial matter, Woods identifies three different Respondents, *see* (Doc. # 1 at 1), but the only proper respondent to a habeas corpus petition challenging present physical detention is the warden of the facility where the petitioner is confined. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Court will therefore direct that Warden J. Allen Beard be identified as the sole respondent in this proceeding.

In addition, Woods purports to bring his Habeas Corpus Petition on behalf of himself and "all others similarly situated who are detained at F.C.I. Ashland . . .," and names eleven other persons as petitioners in the case caption. (Doc. # 1 at 1). However, none of these other persons signed the petition as required by Rule 11(a) of the Federal Rules of Civil Procedure. *Id.* at 16. Further, the United States Court of Appeals for the Sixth Circuit has consistently interpreted 28 U.S.C. § 1654 "as prohibiting pro se litigators from trying to assert the rights of others." *Olagues v. Timken*, 908 F.3d 200, 204 (6th Cir. 2018) (collecting cases); *see also Crawford v. United States Dep't of Treasury*, 868 F.3d 438, 455 (6th Cir. 2017) ("Generally, a plaintiff must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."); *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015) ("The rule against non-lawyer representation protects the rights of those before the court by preventing an ill-equipped layperson from squandering the rights of the party he purports to represent.") (quotation marks and citations omitted).

Woods's Petition also suggests a desire for this matter to proceed as a class action. However, he has not attempted to define the scope of the class or the claims encompassed within it, alleged or argued that his claims satisfy the requirements for class

certification set forth in Federal Rule of Civil Procedure 23(a)(1)-(4), or identified the type of class action appropriate under Rule 23(b)(1)-(3).  A pleading that fails to satisfy these criteria does not warrant class certification.  *See Wal-Mart v. Dukes*, 564 U.S. 338, 350 (2011) ("Rule 23 does not set forth a mere pleading standard."); *Newsom v. Norris*, 888 F. 2d 371, 381 (6th Cir. 1989).  The Court will therefore direct that Woods be identified as the sole petitioner in this proceeding.

## II.

In February 2019, Woods was sentenced to 228 months imprisonment for his role in the commission of various drug trafficking offenses, including leading an organization that distributed between 10,000 and 30,000 kilograms of marijuana over the course of a decade.  *United States v. Woods*, No. 2: 16-CR-218-RBS-1 (E.D. Pa. 2016).  In July 2020, Woods filed a motion in the sentencing court requesting the appointment of counsel to assist him in seeking compassionate release or release to home confinement.  The sentencing court promptly denied the motion, noting that "Federal courts do not have the authority to grant inmates home confinement under the CARES Act" and that Woods had not attempted to exhaust his request for compassionate release with the Bureau of Prisons.  (Doc. # 1018 therein).

Undeterred, one month later, Woods filed in this Court an "Emergency Motion for Home Confinement Pursuant to the ("CARES") Act," citing the pandemic and several health conditions as grounds for relief.  *Woods v. Bureau of Prisons*, No. 0: 20-CV-115-KKC (E.D. Ky. 2020).  Construing Woods's motion as a § 2241 petition, the Court noted that while the CARES Act authorizes the BOP to consider placing an inmate in home confinement, that discretionary determination is insulated from judicial review and the

CARES Act confers no independent authority upon courts to grant such relief.  Further, a request for compassionate release pursuant to 18 U.S.C. § 3582(c) is a form of relief that must be sought in (and can only be granted by) the sentencing court.  (Doc. # 5 therein at 4-6 (citing *Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020))).  Finally, the Court noted that it was apparent that Woods had not fully and properly exhausted his administrative remedies with respect to his claims, and denied relief.  *Id.* at 8-9.

In September 2020, Woods returned to the sentencing court, first *pro se* and then with the assistance of appointed counsel, to request compassionate release.  The Government responded that Woods had served less than a quarter of his nearly 20-year sentence; his medical conditions of mild asthma, seasonal allergies, and hernia were well-controlled with medication; and BOP facilities were following guidelines from the Centers for Disease Control to the extent possible in a prison environment, including social distancing, encouraging the use of face masks, and isolating and quarantining symptomatic inmates and staff.  On November 20, 2020, Woods advised the sentencing court that he had tested positive for COVID-19.  Three days later the Government acknowledged the positive diagnosis; noted that Woods "reported a persistent cough but not other symptoms"; and contended that release while Woods was recovering from COVID-19 would be ill-advised, both for Woods himself and for the public at large.  As of this writing, Woods's motion remains pending before the sentencing court.  *United States v. Woods*, No. 2: 16-CR-218-RBS-1 (E.D. Pa. 2016) (Docs. # 1024, 1030, 1052, 1060, 1061, 1067, 1077, and 1079 therein).

Woods filed his present Petition in December 2020, essentially presenting the same grounds for relief previously presented in his first petition and rejected by this Court.

Woods complains that notwithstanding the authority conferred upon the BOP by the CARES Act, it has not exercised this authority—to transfer inmates to home confinement or to grant compassionate release—often enough, and he seeks a court order compelling it to do so.  (Doc. # 1 at 10-15).  Woods also asks to be excused from the requirement that he exhaust administrative remedies prior to filing suit "because of the dangerous conditions at FCI Ashland."  *Id.* at 14-15.

The Court has thoroughly reviewed the Petition and the materials filed in support of it (including Woods's recently-filed Supplement (Doc. # 5)), but concludes that it must be denied.  First, the claims asserted by Woods in his current Petition are functionally indistinguishable from those he presented in his first petition before this Court.  The Court having already once rejected Woods's claims, it need not consider them anew:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a); *see also McClesky v. Zant*, 499 U.S. 467, 483-84 (1991) (holding that where the claims asserted in a habeas corpus petition have previously been determined by another court, the district court may dismiss the petition as an abuse of the writ); *Dietz v. U.S. Parole Comm'n*, 260 F. App'x 763, 765-66 (6th Cir. 2008); *Thunder v. U.S. Parole Comm'n*, 165 F. App'x 666, 668 (10th Cir. 2006).  The Court also concurs with the prior basis for denying Woods's first petition: a prisoner may not circumvent the limitations and requirements of the CARES Act and Section 3582(c) by seeking the same relief through a petition for a writ of habeas corpus.  Indeed, this Court has previously rejected a habeas corpus petition that, like this one, sought to proceed on behalf of an

undefined class and to seek the very same form of relief available through those provisions. *Price v. Quintana*, No. 5: 20-CV-246-JMH (E.D. Ky. 2020) (Doc. # 4 therein at 6) (*citing Wilson*, 961 F.3d at 838 ("A district court reviewing a claim under § 2241 does not have authority to circumvent the established procedures governing the various forms of release enacted by Congress.")).

Second, it is apparent that Woods has not filed an inmate grievance regarding his concerns and pursued appeals available under the BOP's Inmate Grievance Program. Before a prisoner may seek habeas relief under Section 2241, he must exhaust his administrative remedies within the Bureau of Prisons. *Fazzini v. Ne. Ohio Correctional Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006); *Campbell v. Barron*, 87 F. App'x 577, 577 (6th Cir. 2004). Administrative remedies must be exhausted prior to filing suit and in full conformity with the agency's claims processing rules. *Woodford v. Ngo*, 548 U.S. 81, 92-94 (2006). The purpose of the exhaustion requirement is to ensure that the agency has an opportunity to review and revise its actions before litigation is commenced, which preserves both judicial resources and administrative autonomy, and also to ensure that a court reviewing the agency's final action does so upon a developed and complete evidentiary record. *Noriega-Lopez v. Ashcroft*, 335 F. 3d 874, 881 (9th Cir. 2003); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761-62 (3d Cir. 1996). Woods's failure to pursue administrative remedies deprives the Court of an adequate evidentiary basis upon which to review the claims asserted in the petition. Nor is there anything in the record which suggests that exhaustion would be futile. *Cf. Colton v. Ashcroft*, 299 F. Supp. 2d 681, 689-90 (E.D. Ky. 2004) (noting that futility may be shown where there has been "a prior indication from the agency that it does not have jurisdiction over the matter

or it has evidenced a strong position on the issue together with an unwillingness to reconsider.") (*citing James v. United States Dept. of Health and Human Services*, 824 F.2d 1132, 1139 (D.C. Cir. 1987)).

**III.**

For each of these reasons, Woods's Petition will be **denied**.  Accordingly,

**IT IS ORDERED** as follows:

(1)     The Clerk shall **SUBSTITUTE** Warden J. Allen Beard as the sole respondent in this proceeding,

(2)     The Clerk shall **SUBSTITUTE** inmate Jerome Woods as the sole petitioner in this proceeding,

(3)     Petitioner Woods's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED**,

(4)     This action is **DISMISSED** and **STRICKEN** from the Court's docket, and

(5)     Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 14th day of January, 2021.



Signed By:

*David L. Bunning*

United States District Judge

J:\DATA\ORDERS\PSO Orders\0-20-151 MOO.docx